UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THEODORE B. CHAPDELAINE :
:
v. : C.A. No. 12-370ML
:
ASHBEL T. WALL, II :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(A)) is a Motion to Dismiss filed by Respondent Ashbel T. Wall, II (the "Respondent" or the "State") in response to a Petition for a Writ of Habeas Corpus filed by Theodore B. Chapdelaine (the "Petitioner") pursuant to 28 U.S.C. § 2254. The State moves to dismiss the Petition on the grounds that it is time-barred pursuant to the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Petitioner opposes the Motion to Dismiss and seeks equitable tolling of the statute of limitations. For the reasons stated below, I recommend that the State's Motion to Dismiss (Document No. 3) be GRANTED.

**Facts**

In October 2003, Petitioner was charged with three counts of second-degree child molestation in violation of Rhode Island General Laws § 11-37-8.3. (Document No. 8 at p. 9). Petitioner entered pleas of not guilty and retained Attorney Mark L. Smith to defend him. Id. at p. 9. A jury trial commenced on March 31, 2004. (Document No. 3 at p. 3) (quoting Chapdelaine v. State, 32 A.3d 937, 940 (R.I. 2011)). Following a two-day trial, the jury found Petitioner guilty on all three counts. Id. Petitioner's Motion for a new trial was denied. Id. at pp. 3-4 (see also Document No. 8 at p. 10). On July 1, 2004, Petitioner was sentenced to an aggregate term of fifteen

years' imprisonment and twenty years' probation for all three counts. (Document No. 8 at p. 10). Attorney Smith filed a notice of appeal on Petitioner's behalf, which was docketed in the Rhode Island Supreme Court on February 14, 2005. Id. On February 28, 2005, Attorney John A. MacFadyen entered a limited appearance and moved, on Petitioner's behalf, for an enlargement of time to file a pre-briefing statement. (Document No. 7 at p. 6). Attorney MacFadyen made clear that he was in the process of reviewing the trial transcript "prefatory to making a decision whether to represent [Petitioner]." Id. Attorney MacFadyen did not enter the case, and the appeal was dismissed on May 16, 2005 for failure to file a pre-briefing statement. (Document No. 8 at p. 9). However, Petitioner was given a ten-day "grace" period in which he could file the pre-briefing statement, and his appeal would be automatically reinstated. (Document No. 4-6 at p. 2). Petitioner did not do so.

In April 2008, Petitioner filed a pro se application for post-conviction relief pursuant to Rhode Island General Laws § 10-9.1-1 in Superior Court, which was later amended as a verified application. (Document No. 8 at p. 5). As grounds for post-conviction relief, Petitioner alleged ineffective assistance of counsel regarding his trial representation from Attorney Smith. Id. at pp. 10-11. Specifically, Petitioner contended that:

> defense counsel (1) was compromised in his ability to cross-examine the complaining witness's mother because of a conflict of interest, (2) entered into an ill-advised and prejudicial stipulation with the prosecution to preclude either party from introducing evidence that [Petitioner] or any person testifying at trial had consumed any alcohol and/or drugs, and (3) failed to present expert witness testimony 'to establish the significance of the psychological overlay' that had an impact on the complaining witness...a fourth ground for relief...alleged that Mr. Smith 'failed to properly communicate and have an informed review of the conduct and product of plea negotiations defense counsel had with the prosecutor.'

(Document No. 3 at p. 4) (quoting Chapdelaine, 32 A.3d at 940-941) (quotation marks in original).

After a hearing, the trial judge found Petitioner's claims to be without merit and issued an Order denying the application for post-conviction relief on March 11, 2009. Id. at p. 5. Petitioner filed an appeal with the Rhode Island Supreme Court. Id. at p. 6. The appeal was originally dismissed on September 9, 2009 for failure to file a pre-briefing statement, but was reinstated pursuant to Court Order on January 21, 2010. (Document No. 7 at pp. 28, 33). The Rhode Island Supreme Court ultimately affirmed the trial judge's decision in a December 15, 2011 decision. See Chapdelaine, 32 A.3d at 950. On April 2, 2012, Petitioner filed a motion for reargument in light of the recent United States Supreme Court decisions in Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012), addressing the application of the Sixth Amendment to the consideration of plea offers. (Document No. 7 at pp. 35-37). The Petition for reargument was denied by the Rhode Island Supreme Court on April 26, 2012. (Document No. 7 at p. 40). This Petition was filed on May 16, 2012. (Document No. 8 at p. 12). The State filed the instant Motion to Dismiss on June 5, 2012. (Document No. 3 at pp. 1-2).

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for federal habeas relief. Trapp v. Spencer, 479 F.3d 53, 58 (1st Cir. 2007) (citing 28 U.S.C. § 2244(d)(1)). Generally, the limitations period begins to run when a final judgment is rendered on direct review or the time frame for seeking direct review has expired. See 28 U.S.C. § 2244(d)(1)(A). However, the statute does contain exceptions that toll the running of the limitations period in certain circumstances. For instance, the limitations period from a final

judgment will be tolled if the United States Supreme Court recognizes a new constitutional right and makes that right retroactively applicable to cases on appeal. 28 U.S.C. § 2244(d)(1)(C).

In addition to defining the start of the limitations period, the statute further provides that the time during which a properly filed motion for post-conviction relief is pending shall not be counted toward the limitations period. 28 U.S.C. §2244(d)(2). However, a motion for post-conviction filed after the one-year limitations period under 28 U.S.C. § 2244(d)(1) has expired does not resurrect an already time-barred petition under § 2254. See Trapp, 479 F.3d at 58-59; and Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005). In other words, "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle, 428 F.3d at 48 n.4 (quoting Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001)).

Finally, the doctrine of "equitable tolling" provides the Court with limited, equitable discretion to excuse a failure to file prior to the expiration of the limitations period set forth in 28 U.S.C. § 2244(d)(1). See Holland v. Florida, 130 S. Ct. 2549, 2554 (2010); Trapp, 479 F.3d at 59; and Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004). However, equitable tolling is only to be used "sparingly" and it is the "exception rather than the rule." Trapp, 479 F.3d at 59 (quoting Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002)); and Neverson, 336 F.3d at 42 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)). Equitable tolling is only appropriate when (1) the petitioner has been pursuing his rights diligently, and (2) an extraordinary circumstance prevented him from filing on time. Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Furthermore, the party seeking to invoke equitable tolling bears the burden

to establish the basis for it. Neverson, 336 F.3d at 41 (citing Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002)).

**Analysis**

Petitioner's direct appeal to the Rhode Island Supreme Court was dismissed on May 16, 2005 for failure to prosecute. (Document No. 8 at p. 10). Petitioner later filed a pro se Petition for post-conviction relief in Rhode Island Superior Court in April 2008. Id. His post-conviction relief application was ultimately dismissed on the merits by the Rhode Island Supreme Court on December 15, 2011. Id. at p. 11. He then filed the present habeas corpus action on May 16, 2012. Id. The nearly three-year time span between the dismissal of Petitioner's direct appeal in 2005 and his state court application for post-conviction relief filed in 2008 is the focus of the State's argument that this habeas corpus petition is time-barred.

The State contends that the Petition is time-barred because the limitations period expired between the dismissal of Petitioner's direct appeal and the filing of his first State post-conviction relief application. (Document No. 3 at p. 5). The State further argues that no exceptions are applicable that would toll the running of the limitations period. Id. at p. 6. Specifically, the State argues that Section 2244(d)(1)(C), 28 U.S.C., does not apply because the constitutional right of effective assistance of counsel is not a new right, and any "new" law from the United States Supreme Court set forth in the Lafler and Frye cases was not declared to apply retroactively. Id. at pp. 6-7. The State also argues that no extraordinary circumstances are present here that would justify the lengthy delay in filing. Id. at p. 7.

Petitioner concedes that more than one year passed from the dismissal of his direct appeal to the filing of his application for post-conviction relief in state court, but counters that equitable

factors warrant the tolling of the limitations period in this case. (Document No. 8 at p. 13). Petitioner relies on Neverson and Holland to argue that he has been pursuing his claims with reasonable diligence and contends that his difficulties in obtaining local counsel to pursue his State post-conviction relief application constituted an extraordinary circumstance. Id. at pp. 12-14. Petitioner states the state court found him to be ineligible for Court-appointed counsel, and Attorney Kirk Griffin, his retained counsel in this case and in the State post-conviction proceedings, who is not admitted to practice in Rhode Island, conferred with numerous members of the Rhode Island bar and was unable to retain local counsel until 2008. Id. at p. 14. Attorney Griffin asserts by Affidavit that, once the decision to initiate a post-conviction effort was made in late 2005, he "undertook to secure a local counsel to support [his] pro hac vice application" which proved to be a difficult task "[b]ecause of the reputation of [trial attorney] Smith, the size of the Rhode Island bar and the controversial nature of the post-conviction issue." (Document No. 8 at p. 4). Lastly, Petitioner argues that the State will not be prejudiced and that ineffective assistance of counsel claims are regularly developed and presented through post-trial procedures. Id. After review, I find that the one-year limitations period lapsed many years ago, and Petitioner has not met his burden of establishing the existence of extraordinary circumstances justifying equitable tolling of the statutory limitations period.

  First, looking to 28 U.S.C. § 2244(d)(1), I find that the limitations period started to run on May 16, 2005 when Petitioner's direct appeal of his conviction was dismissed for failure to prosecute and the period was not tolled prior to its expiration on May 15, 2006. See 28 U.S.C. § 2244(d)(1)(A). See Trapp, 479 F.3d at 58. Additionally, Section 2244(d)(1)(C), 28 U.S.C., is not applicable here to relieve Petitioner from the expiration of the limitations period. In this case,

Petitioner alleges that he has been denied his constitutional right to the effective assistance of counsel. (Document No. 8 at pp. 16-17). However, the United States Supreme Court has long ago recognized that "the right to counsel is the right to effective assistance of counsel" under the Sixth Amendment and it is not new law. See Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). In fact, the Rhode Island Supreme Court appropriately applied Strickland to Petitioner's post-conviction relief application and noted that the United States Supreme Court had "made it clear that the Sixth Amendment right to effective assistance of counsel attaches during the plea-negotiation process." Chapdelaine, 32 A.3d at 943. Further, Petitioner's reliance on the United States Supreme Court's recent decisions in Frye, 132 S. Ct. 1399 and Lafler, 132 S. Ct. 1376 is not persuasive. This is not a case where the United States Supreme Court changed the law that was applied by the state court in denying post-conviction relief. As noted, the Rhode Island Supreme Court applied Strickland to the pre-trial plea bargaining issue raised by Petitioner and such application was subsequently confirmed by the United States Supreme Court in both Frye and Lafler. After confirming the applicability of the Sixth Amendment to the decision to accept a plea offer or reject and go to trial, the United States Supreme Court went on to clarify the law regarding the required showing to establish prejudice and the appropriate remedy. Since the Rhode Island Supreme Court found that Attorney Smith's conduct regarding Petitioner's decision to reject the State's plea offer and go to trial was not ineffective assistance of counsel, it

Petitioner alleges that he has been denied his constitutional right to the effective assistance of counsel. (Document No. 8 at pp. 16-17). However, the United States Supreme Court has long ago recognized that "the right to counsel is the right to effective assistance of counsel" under the Sixth Amendment and it is not new law. See Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). In fact, the Rhode Island Supreme Court appropriately applied Strickland to Petitioner's post-conviction relief application and noted that the United States Supreme Court had "made it clear that the Sixth Amendment right to effective assistance of counsel attaches during the plea-negotiation process." Chapdelaine, 32 A.3d at 943. Further, Petitioner's reliance on the United States Supreme Court's recent decisions in Frye, 132 S. Ct. 1399 and Lafler, 132 S. Ct. 1376 is not persuasive. This is not a case where the United States Supreme Court changed the law that was applied by the state court in denying post-conviction relief. As noted, the Rhode Island Supreme Court applied Strickland to the pre-trial plea bargaining issue raised by Petitioner and such application was subsequently confirmed by the United States Supreme Court in both Frye and Lafler. After confirming the applicability of the Sixth Amendment to the decision to accept a plea offer or reject and go to trial, the United States Supreme Court went on to clarify the law regarding the required showing to establish prejudice and the appropriate remedy. Since the Rhode Island Supreme Court found that Attorney Smith's conduct regarding Petitioner's decision to reject the State's plea offer and go to trial was not ineffective assistance of counsel, it

had no need to address the prejudice[1] and remedy issues ruled upon in Frye and Lafler. Therefore, Section 2244(d)(1)(C), 28 U.S.C., is inapplicable.

Secondly, Section 2244(d)(2), 28 U.S.C., does not apply here. Even though Petitioner filed a state court post-conviction relief application in April 2008, nearly three "untolled" years had passed before such application was filed. The case law is clear that a late-filed petition does not restart a limitations period that is already expired. See Trapp, 479 F.3d at 58-59; see also Cordle, 428 F.3d at 48 n.4. In Trapp, the Court held that a petition for habeas relief was untimely because a petitioner's motion for a new trial in state court did not reset the 226 days that had passed after the United States Supreme Court denied his petition for a writ of certiorari. 479 F.3d at 58-59. Similarly, in Cordle, the Court did not allow a petitioner's motion for a new trial to restart the limitations period, reasoning that the petitioner's motion for a new trial was filed several years after the habeas corpus limitations period ran out, and the motion could not revive a time period that has already expired. 428 F.3d at 48 n.4. Therefore, the limitations period could not be reset by his 2008 pro se filing for post-conviction relief because the limitations period had already expired.

Finally, equitable tolling is also not warranted under these circumstances. Petitioner's inability to retain local counsel does not rise to the level of an extraordinary circumstance under the established precedents. In Holland, the petitioner's pro se petition was five weeks late, but the Supreme Court found that extraordinary circumstances prevented timely filing because the petitioner's court-appointed attorney failed to communicate with the petitioner regarding the

---

[1] The Rhode Island Supreme Court did, however, point out that Petitioner "failed to show that the result would have been any different had [Attorney] Smith explained to him in greater detail the advisability of accepting or rejecting the four-to-six-year offer." Chapdelaine, 32 A.3d at 944. This conclusion arose from Petitioner's consistent claim of innocence and unwillingness, according to Attorney Smith, to take a deal with any "sort of jail recommendation." Id. at 943.

issuance of the Florida Supreme Court's decision in his appeal and on the filing of the petition for a writ of habeas corpus, despite numerous requests and letters from the petitioner. 130 S. Ct. at 2552. Here, conversely, Petitioner waited over three years to ultimately file a pro se petition for post-conviction relief and thus missed the statute of limitations deadline by years, not a few weeks. Furthermore, there is no suggestion that Petitioner was unaware of the dismissal of his direct appeal for lack of prosecution.

Moreover, Petitioner, similar to the petitioner in Neverson, gives no persuasive reason why he waited so long to file for post-conviction relief in state court. In Neverson, petitioner waited nearly three years following a state conviction and four months after AEDPA was enacted to file his initial pro se habeas corpus petition. 366 F.3d at 43. The petitioner in Neverson attempted to justify the delay by arguing that his trial counsel failed to find a medical expert for trial, but he had since located an expert who would have been available. Id. However, the Court did not find this argument persuasive and found that no exigent reasons existed to usurp the statutory limitations period. Id. at 44.

Similarly, Petitioner here contends that his inability to retain local counsel should justify the delay. (Document No. 8 at p. 13). However, despite the difficulty in finding local counsel, Petitioner still had the capability to file a pro se petition at any point and ultimately did so. No reason has been given that demonstrates that the Petitioner was unable to or lacked the ability to file a pro se post-conviction relief application in the period from the 2005 dismissal of his direct appeal to the 2008 filing of the pro se state court Petition for post-conviction relief. AEDPA and its one-year limitations period was in full effect during that entire time, and Petitioner is charged with knowledge of the limitations period under the law. See Neverson, 366 F.3d at 44. Further, while

his current attorney asserts that he confronted difficulties in engaging local counsel which delayed the filing of the state court post-conviction relief application, he presents no specifics as to the number of attorneys contacted, the specific reason(s) why they chose not to enter the case as local counsel and the circumstances under which Attorney Vale and later Attorney Cicilline ultimately agreed to come in as local counsel.  Finally, although Attorney Griffin indicated that the decision to pursue post-conviction relief was made in late 2005, he offers no explanation as to why it took him over two years to "conclude[ ] [in April 2008] that the only way to provide assistance to petitioner was to assemble a pro se application and oversee the process on that basis." (Document No. 8 at pp. 5, 6).  If he had reached that conclusion prior to May 15, 2006, then the pro se filing would have tolled the limitations period under 28 U.S.C. § 2244(d)(2).  Petitioner has simply not shown that the delay in finding local counsel or the failure to file a pro se application for post-conviction relief earlier constitute extraordinary circumstances which warrant equitable tolling of the applicable limitations period under AEDPA and thus the instant petition is time-barred.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss this Petition for Writ of Habeas Corpus (Document No. 3) be GRANTED.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 1, 2012